IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS

KYLEE PETERSON                        §
                                      §
            Plaintiff                 §
                                      §
v.                                    §        Civil Action No.
                                      §
                                      §        Complaint
                                      §        And
WELLS FARGO BANK, N.A. and;           §
                                      §
WELLS FARGO HOME MORTGAGE             §
                                      §        Demand for Jury Trial
                                      §
                                      §
            Defendants                §


## PLAINTIFF'S ORIGINAL COMPLAINT


COMES NOW the Plaintiff, KYLEE PETERSON by Counsel, Dennis McCarty, and for

his complaint against the Defendant, alleges as follows:

### PRELIMINARY STATEMENT

1.  This is an action for actual, statutory, costs, and attorney's fees brought

pursuant to 15 U.S.C. §1692 (Federal Fair Debt Collect Act).  As well as injunctive,

Exemplary, actual, statutory, and attorney fees pursuant to Tex. Fin. Code §392 for

multiple State violations.


### JURISIDICTION AND VENUE

2.  Jurisdiction of this Court is conferred by 15 U.S.C. §1692k(d) and 28 U.S.C.

§1331, supplemental jurisdiction exists for any state law claims pursuant to 28 U.S.C.

§1367. If any or all of the Federal claims should fail, this Court has jurisdiction pursuant

to 28 U.S.C. § 1332(a).  The matter in controversy exceeds the sum or value of $75,000

and between citizens of different states.

3. Venue in this District is appropriate under 28 U.S.C. §1391(b)(2) because a

substantial part of the events giving rise to this claim occurred in this Judicial District.

## PARTIES

4.  Plaintiff, Kylee Peterson(hereinafter Plaintiff) is a natural person and is a
resident

and citizen of Tarrant County, the State of Texas, United States of America. Plaintiff is a

"consumer" as that term is defined by 15 U.S.C. §1692a(3).

5.  As per the Secretary of State of Texas, Defendant, Wells Fargo Home

Mortgage merged with Wells Fargo Bank, N.A., on or about June 5, 2004. Wells Fargo

Home Mortgage still operates as a division of Wells Fargo Bank, N.A.,(hereinafter

collectively Defendants).  Because Defendants are the same entity and are completely

interchangeable they are collectively referred together. Wells Fargo Bank is liable for the

actions Wells Fargo Home Mortgage. Defendants are currently doing business in Texas.

## FACTUAL ALLEGATIONS

6.  Plaintiff incorporates the foregoing paragraphs as though the same were

set forth at length herein.

7.  Defendants forged Plaintiff's Truth in Lending Disclosure, it is not only

obvious that it was written in a different hand but the last name is misspelled.

7. Plaintiff called Defendants to inform them that she was going to be late for that

month's payment.

8. Defendants advised Plaintiff that instead of being late, she could enter into a forbearance agreement and she could break up her payment over a six (6) month period and add it to her monthly payment.

9. Defendants made it sound like if they can agree to that, all would be great and good with her account and Plaintiff would be in good graces with Defendant.

10. Defendant knew all along that they were going to report the month that she broke up into sixths as late until the sixth and final payment was paid, giving her 180 days late on her January 2009 report.

11. The false reporting was out of the blue and with out a 30 day, 60 day or 90 day late payment history leading to the 180 days. Plaintiff disputed the reporting in a letter dated September 2, 2010, Defendant knowing that it was an erroneous reporting deleted the January 2009 reporting but the damage to Plaintiff had already been done, causing her to lose valuable business and home loans.

12. Plaintiff was lead to believe by Defendants that agreeing to the forbearance that Wells Fargo recommend, she was going to get caught up on their terms and save her credit and with no additional costs or fees.

13. Plaintiff had many options she could have taken to pay if needed, including borrowing the needed amount from friends or family or simply pay late for that month but Defendants failed to disclose all the information regarding the loan forbearance.

14. After the six months was completed, Wells Fargo contacted Plaintiff in January 2009, after the payments were made, informed her that she needed to sign some papers regarding her previous forbearance or that her house would be foreclosed on.

15. Defendants wanted her to complete the paperwork after she completed the forbearance, which doesn't make sense. This was their program and she was never warned that it would result in a foreclosure.

16. She was then informed by Defendants that it wasn't a forbearance but a modification and added $13,000 to her mortgage, of which if she was informed by Defendants of the added expense, she would have never made the agreement had she been properly informed of the costs. The unexpected costs that Defendants added to the loan on the house resulted in making the amount she would owe on the house more than the house was worth, making it impossible to even sell without taking a loss.

17. Plaintiff, went for a business loan in late 2009 and found out that Defendants were reporting her 180 days late because of the forbearance, she had no warning and was not informed that Wells Fargo was going to report her 180 days late for breaking up that month's payment or add $13,000 to the price of her mortgage. Plaintiff also applied for a $350,000 for a new home, a foreclosure that was valued and appraised for $448,240, and another business loan for $250,000 loan and was turned down because Defendants were reporting 180 days late. That was her first indication that Defendants was reporting on her credit report.

18. Plaintiff would have never would have agreed to break up the payment if she was properly warned that Wells Fargo was going to report her 180 days for several months and with the added price to her mortgage.

19. Plaintiff relied on Defendants disclosing to her what they were going to do to her credit and the monetary costs for accepting the forbearance, Plaintiff would have never agreed and would have paid that months payment.

4

20. The conduct of Defendants has caused her to lose valuable business loans that has directly effected her livelihood. This could all have been avoided if Defendants would have properly advised her of their true intentions when informing her of the forbearance.

21. The Defendant failed to properly advise Plaintiff of material facts regarding Plaintiff's loan and supplied false information about Plaintiff's credit history on her credit report for the guidance of other lenders to use when determining to issue credit to Plaintiff.

22. Plaintiff was so distraught after discovering Defendant forged Plaintiff's name on the Truth in Lending Disclosure, Plaintiff had to be rushed to the Emergency Room with symptoms of a heart attack and passing out in the Care Now facility waiting room, Doctors in the Emergency Room diagnosed her with extreme anxiety and stress.

23. Defendant maliciously, willfully, and negligently violated Plaintiff.

24. As a result of Defendants conduct, Plaintiff has suffered great emotional and mental pain and anguish, and all to Plaintiff's great detriment and loss.

25. As a result of Defendants conduct, Plaintiff has suffered actual damages and all to Plaintiff's great detriment and loss.

26. At all times pertinent hereto, Defendant was acting by and through their agents, servants, and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendant herein.

27. At all times pertinent hereto, the conduct of the Defendants, as well as that of

their agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of the Plaintiff herein.

## CAUSES OF ACTION

28.  Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

29.  This suit is based upon the Defendants violation of the Federal Fair Debt Collection Act.  All causes of action were the producing causes of damages which Plaintiff suffered.

## COUNT I: FELONY FORGERY

30. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

31. Defendant violated Texas Penal Code §32.21(d).  The Texas Penal code makes it a felony to forge another's signature on documents relating to a mortgage. Defendant forged Plaintiff's signature on the Truth in Lending Disclosure dated January 22, 2009 (attached herein as Exhibit B).  The forgery is not only obvious that the writing style is clearly in another's hand but the last name is even misspelled (Please see Exhibit A for Plaintiff's original signature). Defendants actions were done knowingly and intentionally to create a false mortgage document.  The Texas Civil Practice & Remedies Code allows for civil damages against Defendants for forgery.

Texas Civil Practice & Remedies Code - Section 33.013. Amount Of Liability reads:

> § 33.013. AMOUNT OF LIABILITY.  (a) Except as provided in
> Subsection (b), a liable defendant is liable to a claimant only for
> the percentage of the damages found by the trier of fact equal to

that defendant's percentage of responsibility with respect to the
personal injury, property damage, death, or other harm for which
the damages are allowed.
(b)  Notwithstanding Subsection (a), each liable defendant
is, in addition to his liability under Subsection (a), jointly and
severally liable for the damages recoverable by the claimant under
Section 33.012 with respect to a cause of action if:
    (1)  the percentage of responsibility attributed to the
    defendant with respect to a cause of action is greater than 50
    percent;  or
    (2)  the defendant, with the specific intent to do harm
    to others, acted in concert with another person to engage in the
    conduct described in the following provisions of the Penal Code and
    in so doing proximately caused the damages legally recoverable by
    the claimant:
        (H)  Section 32.21 (forgery)


## COUNT II:  DECEPTIVE TRADE PRACTICE ACT

32.  Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

33.  Plaintiff sent the notice to Defendants as required by Texas Deceptive Trade Practices - Consumer Protection Act (Texas Business and Commerce Code, Chapter 17.41, et seq.) (attached herein as Exhibits C, D, E)

34. Defendant did not take the notice serious as evidenced by Defendant having their customer service department, rather than their legal department handle such a serious issue.

35.  Plaintiff would show that Defendant engaged in certain false, misleading and deceptive acts, practices and/or omissions actionable under the Texas Deceptive Trade Practices - Consumer Protection Act (Texas Business and Commerce Code, Chapter 17.41, et seq.), as alleged hereinbelow:

36.  <u>Unconscionable Action or Course of Action</u>.  Defendant engaged

in an "unconscionable action or course of action" to the detriment of Plaintiff as that term

is defined by Section 17.45(5) of the Texas Business and Commerce Code, by taking

advantage of the lack of knowledge, ability, experience, or capacity of Plaintiff to a

grossly unfair degree.

Plaintiff called Defendant to inform them that she was going to be late for that

month's payment.  Defendants advised Plaintiff that instead of being late, she could enter

into a forbearance agreement and she could break up her payment over a six (6) month

period and add it to her monthly payment.  Defendants did not properly advise Plaintiff

when they made it sound like if they can agree to that, all would be great and good with

her account and Plaintiff would be in good graces with Defendants.  Defendant knew all

along that they were going to report the month that she broke up into sixths as late until

the sixth and final payment was paid, giving her 180 days late on her January 2009

report. The false reporting was out of the blue and with out a 30 day, 60 day or 90 day

late payment history leading to the 180 days. Plaintiff disputed the reporting in a letter

dated September 2, 2010, Defendant knowing that it was an erroneous reporting deleted

the January 2009 reporting but the damage to Plaintiff had already been done, causing her

to lose valuable business and home loans.

Plaintiff was lead to believe by Defendants that agreeing to the forbearance that the

Defendants recommend, she was going to get caught up on their terms and save her credit

and with no additional costs or fees.  Plaintiff had many options she could have taken to

pay if needed, including borrowing the needed amount from friends or family or simply

pay late for that month but Defendants failed to disclose all the information regarding the

loan forbearance.  After the six months was completed, Defendants contacted Plaintiff in

January 2009, after the payments were made, informed her that she needed to sign some papers regarding her previous forbearance or that her house would be foreclosed on. Defendants wanted her to complete the paperwork after she completed the forbearance, which doesn't make sense. This was their program and she was never warned that it would result in a foreclosure.  She was then informed by Defendants that it wasn't a forbearance but a modification and added $13,000 to her mortgage, of which if she was informed by Defendants of the added expense, she would have never made the agreement had she been properly informed of the costs.  The unexpected costs that Defendants added to the loan on the house resulted in making the amount she would owe on the house more than the house was worth, making it impossible to even sell without taking a loss.

Plaintiff, went for a business loan in late 2009 and found out that Defendants were reporting her 180 days late because of the forbearance, she had no warning and was not informed that Wells Fargo was going to report her 180 days late for breaking up that month's payment or add $13,000 to the price of her mortgage.  Plaintiff also applied for a $350,000 for a new home, a foreclosure that was valued and appraised for $448,240, and another business loan for $250,000 loan and was turned down because Defendants were reporting 180 days late.  That was her first indication that Defendants were reporting her credit negatively over her forbearance.

Plaintiff would have never would have agreed to break up the payment if she was properly warned that Defendants were going to report her 180 days for several months and with the added price to her mortgage.  Defendants relied on Defendants disclosing to her what they were going to do to her credit and the monetary costs for accepting the

forbearance, Plaintiff would have never agreed and would have paid that months

payment. The conduct of Defendants has caused her to lose valuable business loans that

has directly effected her livelihood.   This could all have been avoided if Defendants

would have properly advised her of their true intentions when informing her of the

forbearance.

The Defendant failed to properly advise Plaintiff of material facts regarding Plaintiff's

loan in the course of their business.  Plaintiff was seriously monetarily and financially

damaged because of Defendants failure to properly advise Plaintiff and took advantage of

her lack of knowledge, experience and capacity to a grossly unfair degree.

37.   <u>Violations of Section 17.46(b)</u>.  Defendant violated Section 17.46(b) of

the Texas Business and Commerce Code, in that Defendant:

      (a)   caused   confusion   or   misunderstanding   as   to   the   source,

      sponsorship, approval, or certification of goods or services.

Defendant caused confusion and misunderstanding to the approval and to the authenticity

and certification of Plaintiff's Truth in Lending Disclosure when Defendant forged

Plaintiff's signature.   Defendant intentionally, maliciously, and willfully, misrepresented

the authenticity of the Truth in Lending Disclosure, dated January 22, 2009 by forging

Plaintiff's signature

## COUNT III: FRAUD

38. Plaintiff incorporates the foregoing paragraphs as though the same were

set forth at length herein.

39.   Defendant fraudulently misrepresented the authenticity of the Truth in Lending Disclosure when Defendant created a Truth in Lending Disclosure in Plaintiff's name by fraudulently forging her name to the document as evidence by Exhibit B. Defendant knew the Truth in Lending disclosure was false and was intended have Plaintiff rely on the terms that the fraudulent document created. Plaintiff relied on the authenticity of her mortgage documents from Defendants and was seriously damaged financially as we all extreme mental anguish as evidenced by her mental breakdown upon finding out that the document was forged.

## COUNT IV: NEGLIGENCE

40. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

41.   Defendant violated and breached their duty owed to Plaintiff to exercise ordinary care and diligence in the maintenance and governance of Plaintiff's loan, and was negligent in their oversight and security of Plaintiff's account when Defendants allowed their employee to forge Plaintiff's signature on a Truth in Lending Disclosure. Defendant allowed an employee to forge Plaintiff's signature and was negligent by not conducting an investigation when Plaintiff sent her notice pursuit to Texas Deceptive Trade Practice Act, Business and Commerce Code, Section 17.41 et seq.  Plaintiff sent the notice dated March 1, 2011, Plaintiff attached the loan modification form with her original signature along with the forged Truth in Lending disclosure page, the attached pages that Plaintiff sent had a fax date stamp of Jul-23-2010.  The notice was handled by their customer service department, written customer contact, they just pulled the pages

from Plaintiff's notice and resent it to Plaintiff as evidenced by the fax date stamp of Jul-23-2010 and dedicated a couple of sentences stating, "Wells Fargo Home Mortgage denies your allegations that Wells Fargo Home Mortgage failed to disclose important information about the loan and forged the borrower's signature on the Truth in Lending." Defendant didn't even take to the time to look into the serious matter.

Plaintiff has never seen the Truth in Lending document that Defendants forged until they faxed it to her on Jul-23-2010. Plaintiff was damaged financially by the loss of loans and extreme mental anguish when she had a mental break down over what Defendant did to her. Defendant's multiple breaches were a proximate cause of Plaintiff's damages and injuries.

41. Defendants violated and breached their duty owed to Plaintiff to exercise ordinary care in the reporting of Plaintiff's credit history. Defendants negligently reported Plaintiff as being 180 days late in January 2009, and then breached another duty by making a false statement as to why they removed the January 2009 reporting. Defendants sent a letter to Plaintiff's Counsel dated May 24, 2011, stating that they "As a result of the loan modification being approved on September 2008, Wells Fargo Home Mortgage previously instructed the credit bureaus to remove the 180 days late reported in the month of January 2009." This is a false statement, the January 2009 reporting wasn't removed until Plaintiff disputed the reporting with a dispute letter dated September 2, 2010, close to two (2) years after the loan modification was approved. Defendants responded with the deletion letter dated September 27, 2010. Defendants breaches were a proximate cause of Plaintiff's damages and injuries. Plaintiff was damaged financially by the loss of loans and extreme mental anguish when she had a mental break down over

what Defendant did to her.

## COUNT V:  NEGLIGENT MISREPRESENTATION

43.  Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

44.  Plaintiff called Defendant to inform them that she was going to be late for that month's payment.  Defendants advised Plaintiff that instead of being late, she could enter into a forbearance agreement and she could break up her payment over a six (6) month period and add it to her monthly payment.  Defendants made negligent misrepresentations when they made it sound like if they can agree to that, all would be great and good with her account and Plaintiff would be in good graces with Defendant. Defendant knew all along that they were going to report the month that she broke up into sixths as late until the sixth and final payment was paid, giving her 180 days late on her January 2009 report. The false reporting was out of the blue and with out a 30 day, 60 day or 90 day late payment history leading to the 180 days. Plaintiff disputed the reporting in a letter dated September 2, 2010, Defendants knowing that it was an erroneous reporting deleted the January 2009 reporting but the damage to Plaintiff had already been done, causing her to lose valuable business and home loans. Plaintiff was lead to believe by Defendant's negligent misrepresentations that agreeing to the forbearance that Defendants recommend, she was going to get caught up on their terms and save her credit and with no additional costs or fees.  Plaintiff had many options she could have taken to pay if needed, including borrowing the needed amount from friends or family or simply pay late for that month but Wells Fargo failed to disclose all

the information regarding the loan forbearance.  After the six months was completed,

Defendants contacted Plaintiff in January 2009, after the payments were made, informed

her that she needed to sign some papers regarding her previous forbearance or that her

house would be foreclosed on.  Defendants wanted her to complete the paperwork after

she completed the forbearance, which doesn't make sense. This was their program and

she was never warned that it would result in a foreclosure.  She was then informed by

Defendants that it wasn't a forbearance but a modification and added $13,000 to her

mortgage, of which if she was informed by Defendants of the added expense, she would

have never made the agreement had she been properly informed of the costs.  The

unexpected costs that Defendants added to the loan on the house resulted in making the

amount she would owe on the house more than the house was worth, making it

impossible to even sell without taking a loss.

Plaintiff went for a business loan in late 2009 and found out that Defendants were

reporting her 180 days late because of the forbearance, she had no warning and was not

informed that Defendants were going to report her 180 days late for breaking up that

month's payment or add $13,000 to the price of her mortgage.  Plaintiff also applied for a

$350,000 for a new home, a foreclosure that was valued and appraised for $448,240,  and

another business loan for $250,000 loan and was turned down because Defendants were

reporting 180 days late.  That was her first indication that Defendants were falsely

reporting on her credit reports.

Plaintiff would have never would have agreed to break up the payment if she was

properly warned that Wells Fargo was going to report her 180 days for several months

and with the added price to her mortgage.  Plaintiff relied on Defendants disclosing to her

what they were going to do to her credit and the monetary costs for accepting the forbearance, Plaintiff  would have never agreed and would have paid that months payment.

The conduct of Defendants has caused her to lose valuable business loans that has directly effected her livelihood.   This could all have been avoided if Defendants would have properly advised her of their true intentions when informing her of the forbearance. The Defendant negligently misrepresented material facts regarding Plaintiff's loan in the course of their business and supplied false information about Plaintiff's credit history on her credit report for the guidance of other lenders to use when determining to issue credit to Plaintiff.  Defendant did not exercise reasonable care or competence when they communicated the false reporting to the credit bureaus or when making statements to Plaintiff on material facts of her loan status.  Plaintiff was seriously monetarily and financially damaged because of Defendant's negligent misrepresentation of Plaintiff's credit history and loan management.

45. Defendants made further negligent misrepresentations when they falsely reported to the credit bureaus that she was 180 days late on her January 2009 report. The false reporting was out of the blue and with out a 30 day, 60 day or 90 day late payment history leading to the 180 days. Plaintiff disputed the reporting in a letter dated September 2, 2010, Defendant knowing that it was an erroneous reporting deleted the January 2009 reporting but the damage to Plaintiff had already been done, causing her to lose valuable business and home loans.  Defendant's then mislead Plaintiff to the reasoning of their deleting the account. Defendants sent a letter to Plaintiff's Counsel dated May 24, 2011, stating that they "As a result of the loan modification being

approved on September 2008, Wells Fargo Home Mortgage previously instructed the

credit bureaus to remove the 180 days late reported in the month of January 2009." This

is a false statement, the January 2009 reporting wasn't removed until Plaintiff disputed

the reporting with a dispute letter dated September 2, 2010. Wells Fargo responded with

the deletion letter dated September 27, 2010. One (1) year and eight (8) months after the

reporting.

The Defendant negligently misrepresented material facts regarding Plaintiff's loan in the

course of their business and supplied false information about Plaintiff's credit history on

her credit report for the guidance of other lenders to use when determining to issue credit

to Plaintiff.

 Defendants did not exercise reasonable care or competence when they communicated the

false reporting to the credit bureaus.  Plaintiff was seriously monetarily and financially

damaged because of Defendant's negligent misrepresentation of Plaintiff's credit history.


## COUNT VI:  DEFAMATION

46.  Plaintiff incorporates the foregoing paragraphs as though the same were

set forth at length herein.

47.   At times pertinent hereto, Defendant communicated and

published statements to various Credit Reporting Agencies that are false and negative

representations concerning Plaintiff's credit information and history.  This statements

have been seen by lending institutions and any institution that has or would potential lend

Plaintiff credit.  The statements have been devastating to Plaintiff's reputation, esteem and good will and caused serious damage.

48.    These published statements made by Defendants are false

## COUNT VII: FEDERAL DEBT COLLECTION ACT

49.  Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein

50.  Defendants violated Federal Statutes 15 U.S.C. §1692e(5), and 15 U.S.C. §1692e(10).  Plaintiff's mortgage is currently being serviced by Midland Mortgage and has been since on or about July 2010.  Defendants sent Plaintiff's Counsel a confusing payment demand letter dated May 20, 2011(attached herein as Exhibit F).  The letter is dated May 20, 2011 and states:

| | |
|---|---|
| Loan Number | (redacted) |
| Payment Date | 4/01/2009 |
| Payment Amount  $ | 1,733.83 |

The letter further states, "Welcome to Wells Fargo Home Mortgage.  As you know, your loan was recently transferred from BSM Financial, LP."  The letter further states, "The servicing of your loan will be transferred to us effective 04/01/2009.  Your current payment is $ 1,733.83.  Your first payment to Wells Fargo Home Mortgage is due 04/01/2009."  Plaintiff's mortgage is currently with Midland Mortgage and Plaintiff has never heard of BSM Financial, LP.  Defendants are attempting to collect a debt that belongs to another and they are not legally entitled to collect on.  Defendants admit in a letter from Wells Fargo Home Mortgage that they fall within the Fair Debt Collection Practices Act in a letter dated May 28, 2008, stating, "Wells Fargo Bank, N A is required

by the Fair Debt Collection Practices Act to inform you that if your loan is currently

delinquent or in default, as your loan servicer, we will be attempting to collect a debt, and

any information obtained will be used for that purpose." Wells Fargo Home Mortgage is

a loan servicer.

The section entitled "False or misleading representations" under 15 U.S.C. §1692e reads:

> (5) The threat to take any action that cannot legally be taken or that is not intended to be taken.

and;

> (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

51.  Defendants violated Federal Statute 15 U.S.C. §1692e(8), when Defendants

furnished information to a credit bureau that they knew or should have known was false.

Defendants falsely reported Plaintiff as 180 days late for January 2009.  Plaintiff did not

report any late payments leading up to the 180 days late.  Plaintiff disputed the reporting

on or about September 2, 2010, Defendants responded with a deletion letter on or about

September 27, 2010.  Defendants knew or should have known that the 180 days late was

false, Defendants did not report any late payments prior to the 180 days late.

The section entitled "False or misleading representations" under 15 U.S.C. §1692e(8)

reads:

> (8) Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed.

## COUNT VIII—VIOLATION OF THE TEXAS DEBT COLLECTION ACT

## (TDCA)—TEXAS FINANCE CODE §392

52.   Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein

53.   The Plaintiff is a "consumer" as defined by Tex. Fin. Code §392.001(1).

54.   The Defendant is a  "debt collector" and a "third party debt collector" as defined by Tex. Fin. Code §392.001(6) and (7).

55.   The TDCA makes it a violation for a debt collector to attempt to collect a debt by "Threatening to take an action prohibited by law" Tex. Fin. Code §392.301(a)(8) as well as making, "Fraudulent, Deceptive, or Misleading Representations" Tex. Fin. Code §392.304(a)(19). Plaintiff's mortgage is currently being serviced by Midland Mortgage and has been since on or about July 2010.  Defendants sent Plaintiff's Counsel a confusing payment demand letter dated May 20, 2011.  The letter is dated May 20, 2011 and states:

    Loan Number        (redacted)
    Payment Date        4/01/2009
    Payment Amount  $   1,733.83

The letter further states, "Welcome to Wells Fargo Home Mortgage.  As you know, your loan was recently transferred from BSM Financial, LP."  The letter further states, "The servicing of your loan will be transferred to us effective 04/01/2009.  Your current payment is $ 1,733.83.  Your first payment to Wells Fargo Home Mortgage is due 04/01/2009."  Plaintiff's mortgage is currently with Midland Mortgage and Plaintiff has never heard of BSM Financial, LP.  Defendants are attempting to collect a debt that belongs to another and they are not legally entitled to collect on. Defendants admit in a

letter from Wells Fargo Home Mortgage that they fall within the Fair Debt Collection

Practices Act in a letter dated May 28, 2008, stating, "Wells Fargo Bank, N A is required

by the Fair Debt Collection Practices Act to inform you that if your loan is currently

delinquent or in default, as your loan servicer, we will be attempting to collect a debt, and

any information obtained will be used for that purpose." Wells Fargo Home Mortgage is

a loan servicer.

The section entitled "Subchapter D. Prohibited Debt Collection Methods"

     Sec. 392.301. THREATS OR COERCION.
 (a) In debt collection, a debt collector may not use threats, coercion, or attempts to coerce that employ any of the following practices:

        (8) threatening to take an action prohibited by law.

And;

This section entitled Fraudulent, Deceptive, or Misleading Representations reads:

     Sec. 392.304.    FRAUDULENT,    DECEPTIVE,    OR    MISLEADING
REPRESENTATIONS.  (a) Except as otherwise provided by this section, in debt collection or obtaining information concerning a consumer, a debt collector may not use a fraudulent, deceptive, or misleading representation that employs the following practices:

        (19) using any other false representation or deceptive means to collect a debt or obtain information concerning a consumer.

    56.  Plaintiff seeks all damages recoverable under the TDCA, including but not

limited to injunctive relief, actual damages, reasonable attorney's fees and costs.

Defendant alleges that they are entitled to exemplary damages under the Texas Civil

Practice & Remedies Code as a result of Defendant's actions.

    57.  As a result of Defendant's conduct, Plaintiff has suffered great,

emotional and mental pain and anguish, and all to Plaintiff's great detriment and loss.

58. As a result of Defendants conduct, Plaintiff has suffered actual damages and all to Plaintiff's great detriment and loss.

59. At all times pertinent hereto, Defendants was acting by and through their agents, servants, and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendant herein.

60. At all times pertinent hereto, the conduct of the Defendants, as well as that of their agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of the Plaintiff herein.

61. The conduct of Defendants was a direct and proximate cause, as well as a Substantial factor in bringing about the damages and harm to Plaintiff that are outlined above and, as a result, Defendants are liable to compensate Plaintiff for the full amount of actual, statutory damages, exemplary damages, costs and attorney fees as well as such other relief, permitted by law.

## EXEMPLARY DAMAGES

62. Plaintiff would further show that the acts complained herein of Defendants were committed with fraud, malice, with gross negligence and with the specific and predetermined intention of enriching said Defendant at the expense of Plaintiff. In order to punish said Defendants for such unconscionable overreaching and to deter such actions in the future, Plaintiff also seeks recovery from Defendant for exemplary damages as provided by Texas Civil Practice & Remedies Code §41.001(5)

## DEMAND FOR JURY TRIAL

63.  Plaintiff demands trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff seeks judgment in Plaintiff's favor and damages

against the Defendant, based on the following requested relief:

(a) Actual damages pursuant to 15 U.S.C. §1692k;

(b) Statutory damages pursuant to 15 U.S.C. §1692k;

(c) Costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k; and

(d) Injunctive relief pursuant to Tex. Fin. Code §392.403(a)(1);

(e) Actual Damages pursuant to Tex. Fin. Code  §392.403(a)(2)

(f) Exemplary Damages pursuant to Texas Civil Practice & Remedies Code

   §41.001(5).

(g) Treble economic damages, Treble mental anguish and reasonable attorneys fess pursuant to Texas Deceptive Trade  Practice Act, Business and Commerce Code §17.41 et seq.

(h)  All actual, mental anguish damages, injunctive relief and reasonable attorneys fess resulting from Defendant's conduct of aforementioned State violations

(i)  The Court refer the forgery to the District Attorneys Office and/or the Texas Attorney General

(j) Such other and further relief as may be necessary, just and proper.


Dated: May 15, 2011


                              Respectfully submitted,

                              /s/ Dennis McCarty_____
                              Dennis McCarty
                              ATTORNEY FOR PLAINTIFF
                              Mississippi Bar No. 102733
                              P.O. Box 54172

Hurst, TX., 76054
Telephone: 682-224-6713
Fax (817) 887-5069
dmccartylaw@att.net